# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Jeffery Coulson, | Case No. 2:25-cv-01864-RFB-DJA |
| Plaintiff, | |
| v. | **Order** |
| Star Alliance International Corp., et al., | |
| Defendants. | |

This is a federal securities action arising out of *pro se* Plaintiff's purchase of shares of Star Alliance International Corp.'s common stock, which stock subsequently lost value.  Plaintiff sues Star, Richard Carey, Anthony Anish, Themis Glatman, and Fernando Godina for damages, alleging that they artificially inflated the value of the stock through a series of misleading public statements.  Plaintiff moves to effect alternative service on Carey, Anish, and Godina (the "Unserved Defendants"), asserting that his service attempts have been unsuccessful.  (ECF No. 20).  Because the Court finds that Plaintiff has not demonstrated sufficient attempts at proper service on the Unserved Defendants before moving for alternative service and has not demonstrated that his proposed alternative service methods will provide notice and an opportunity to respond, the Court denies his motion.

## I.    Legal standard.

The Constitution does not require any particular means of service of process.  *Rio Props., Inc. v. Rio Intern. Interlink*, 284 F.3d 1007, 1017 (9th Cir. 2002) (*citing Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)).  It requires only that service "be reasonably calculated to provide notice and an opportunity to respond."  *Id.*  Service of process is governed by Rule 4 of the Federal Rules of Civil Procedure.

A federal court lacks jurisdiction over a defendant unless the defendant has been properly served under Rule 4.  *Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.*, 840 F.2d

685, 688 (9th Cir. 1988) (citation omitted).  Rule 4, however, "is a flexible rule that should be liberally construed so long as a party receives sufficient notice of the complaint."  *Id.*  "[W]ithout substantial compliance with Rule 4," "neither actual notice nor simply naming the defendant in the complaint will provide personal jurisdiction."  *Id.*  Federal Rule of Civil Procedure 4(e)(1) provides that an individual within a judicial district of the United States may be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made."  Federal Rule of Civil Procedure 4(h) provides that a corporation, partnership, or association located in a judicial district of the United States may be served in the manner prescribed by Rule 4(e)(1) for serving an individual or by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by law to receive service of process.

### A.    *Alternative service in Nevada.*

Under Nevada Rule of Civil Procedure 4.4(b)(1), a plaintiff may serve a party through alternative means if the methods of service provided for in Rules 4.2 (service within Nevada), 4.3 (service outside Nevada), and 4.4(a) (statutory service) are impracticable.  Under Nevada Rule of Civil Procedure 4.4(b)(2), a motion seeking an order for alternative service must provide affidavits, declarations or other evidence demonstrating:

> (i)    the due diligence that the plaintiff undertook to locate and serve the defendant; and
>
> (ii)    the defendant's known, or last known contact information including address, phone numbers, email addresses, social media accounts, or other information used to communicate with the defendant…

The motion must also outline the proposed alternative service method and explain why it comports with due process.  Nev. R. Civ. P. 4.4(b)(2)(B).  Under Nevada Rule of Civil Procedure 4.4(b)(3), if the Court orders alternative service, the plaintiff must also make reasonable efforts to provide additional notice under Rule 4.4(d) and mail a copy of the summons and complaint as well as any order authorizing the alternative service to the defendant's last-known address.  Nevada Rule of Civil Procedure 4.4(d) provides that, in addition to any other service method, the court may order a plaintiff to make reasonable efforts to provide additional notice of the

commencement of the action by other methods like certified mail, telephone, voice message, email, social media, "or any other method of communication."

**B.      *Alternative service in California.***

California law permits five basic methods of service: (1) personal delivery; (2) delivery to someone else at the party's usual residence or place of business with mailing (known as "substitute service"); (3) service by mail with acknowledgment of receipt; (4) service on persons outside the state by certified or registered mail with a return receipt requested; and (5) service by publication. Cal. Civ. Proc. Code §§ 415.10 (personal delivery), 415.20 (substitute service), 415.30 (service by mail), 415.40 (service on persons outside the state), 415.50 (service by publication); *see Sendzul v. Hoag*, No. CV 21-06894-RGK (KS), 2022 WL 2124903, at *2 (C.D. Cal. Apr. 14, 2022) (describing the governing standards); *Prime All. Bank, Inc. v. Dre Health Corp.*, No. 2:22-cv-06654-JAK-EX, 2023 WL 5207496, at *1 (C.D. Cal. Apr. 21, 2023). California also provides "a broad framework for alternative means of service." *Aevoe Corp. v. Pace*, No. C-11-3215-MEJ, 2011 WL 3904133, at *1 (N.D. Cal. Sept. 6, 2011).  Specifically, § 413.30(a)(1) of the California Code provides that "if a plaintiff, despite exercising reasonable diligence, has been unable to effect service of the summons by any of the methods authorized under this chapter, the court in which the action is pending may, upon motion, direct that summons be served in a manner that is reasonably calculated to give actual notice to the party to be served, including by electronic mail or other electronic technology, and that proof of such service be made as prescribed by the court."  Subsection (2) of that provision further provides that "[a] plaintiff seeking to establish reasonable diligence under this section shall set forth facts detailing all attempts to serve the defendant by each of the methods prescribed by statute, including facts demonstrating why each method was unsuccessful at every address or location where the defendant is likely to be found."  Cal. Civ. Proc. Code § 413.30(a)(2).  Email service is only reasonably calculated to give notice where a plaintiff gives the Court "reason to believe that a defendant's email address is valid." *Creative Intellects v. Haygood*, No. 2:21-cv-02670-RGK-AFM, 2021 WL 3568237, at *3 (C.D. Cal. July 23, 2021).

## II.    Background.

Plaintiff asserts that he has been unable to locate current residential or business addresses for the Unserved Defendants.  He asserts that these individuals are executives for the corporate defendant, Star, but that the addresses listed on the corporate filings for Star are now vacant or leased to unrelated tenants.  Plaintiff also asserts that skip trace searches and inquiries with the Department of Motor Vehicles have not yielded current addresses.  Plaintiff asserts that attorney Robert Warns, Esq. has represented to him that he is representing the Unserved Defendants and so, the Court should allow service by: (1) service on Mr. Warns; (2) certified and first-class mail to the Unserved Defendants' last known addresses; and (3) service by email to the Unserved Defendants.  The Court finds that Plaintiff's motion fails to establish that Plaintiff's proposed methods of service are reasonably calculated to provide notice and an opportunity to respond.  The Court also finds that Plaintiff has failed to show that he has diligently attempted service under either Nevada or California law.

Under Nevada law, Plaintiff has failed to show that typical service methods are impracticable, has failed to show the due diligence he has undertaken to locate and serve the Unserved Defendants, and does not provide the Unserved Defendants' known or last known contact information.  Plaintiff has also failed to explain why his proposed methods of service comport with due process.  This is because Plaintiff has not included a declaration or affidavit attesting to the fact that he has been unable to locate addresses for the Unserved Defendants, describing and attesting to the skip trace search and DMV search, or providing last known addresses or email addresses for the Unserved Defendants.  While Plaintiff attaches two declarations of non-service, one for Anish and one for Carey, both show that the process server only attempted service on one occasion at one address for both Defendants.  Plaintiff does not describe any further attempts.  Plaintiff also fails to attach any declarations of non-service for Godina.

Under California law, Plaintiff has only shown that he has attempted substitute service at the business address for Anish and Carey, and only on one occasion.  He has not shown any attempts to serve Godina and has not demonstrated any attempts at personal service, substitute

service at a residential address, or service by mail with acknowledgement of receipt on Anish or Carey.  Plaintiff has therefore not established reasonable diligence by setting forth facts detailing all attempts to serve the Unserved Defendants by each of the methods prescribed by statute, including facts demonstrating why each method was unsuccessful at every address or location where the Unserved Defendants are likely to be found, as required by California law,  Moreover, Plaintiff has failed to show that his proposed methods of alternative service will give actual notice to the Unserved Defendants.

Finally, even if Warns is representing the Unserved Defendants, the Court cannot force him to accept service on the Unserved Defendants' behalf.  This is because attorneys must have implied or actual authority to accept service.  *See* Fed. R. Civ. P. 4(e)(C) (explaining that summons may be served on "an agent authorized by appointment or by law to receive service of process"); *see In re Focus Media*, 387 F.3d 1077, 1081 (9th Cir. 2004) (explaining that an agent may be impliedly authorized to accept service on a client's behalf).  The Court therefore denies Plaintiff's motion for alternative service without prejudice.

**IT IS THEREFORE ORDERED** that Plaintiff's motion for leave to effect alternative service (ECF No. 20) is **denied without prejudice.**

DATED: February 19, 2026

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE