# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

\* \* \*

Jeffery Coulson,

Plaintiff,

v.

Star Alliance International Corp., et al.,

Defendants.

Case No. 2:25-cv-01864-RFB-DJA

**Order
and
Report and Recommendation**

This is a securities fraud case arising out of pro se Plaintiff Jeffery Coulson's allegations that Defendants Star Alliance International Corporation, Anthony Anish, Themis Glatman, and Fernando Godina made false statements, which statements artificially inflated the price of Star Alliance's stock, causing harm to Plaintiff as an investor in that stock.  So far, only Glatman and Star Alliance have appeared in this action.  Glatman moves to dismiss Plaintiff's complaint and also moves to stay discovery pending her motion to dismiss.  (ECF Nos. 13, 28).  Plaintiff moves to file a surreply to Glatman's reply in support of her motion to dismiss and to her reply in support of her motion to stay.  (ECF Nos. 22, 55).  The parties have also filed a disputed discovery plan in which Plaintiff seeks to move forward with discovery while Glatman seeks to stay it.  (ECF No. 29).  Plaintiff moves to amend his complaint.  (ECF No. 33).  And Attorney Robert R. Warns III, Esq. moves to withdraw as counsel for Glatman and Star Alliance.  (ECF No. 43).  The Court addresses each of these motions below.

## I.    Plaintiff's motion to amend his complaint (ECF No. 33).

Plaintiff moves to amend his complaint, arguing that he wishes to identify additional facts that clarify the Defendants' roles in the action, the timeline of events, and jurisdictional contacts. (ECF No. 33).  Plaintiff also seeks to add additional defendants.  Glatman opposes, arguing that Plaintiff's proposed amendment is futile and that Plaintiff has filed the amendment in bad faith

because he changes a fact to allege that certain fraud occurred during Glatman's tenure at Star Alliance, rather than after her resignation as the original complaint alleged. (ECF No. 57). Star Alliance also opposes on the same grounds as Glatman. (ECF No. 59). In reply, Plaintiff argues that Glatman and Star Alliance's futility arguments are better made in a motion to dismiss and points out that his original complaint did contain allegations that the fraud at issue started during Glatman's tenure such that his amendment is not in bad faith. (ECF Nos. 60, 62).

Generally, a party may amend its pleading once "as a matter of course" within twenty-one days of serving it, or within twenty-one days after service of a responsive pleading or motion under Rule 12(b), (e), or (f). Fed. R. Civ. P. 15(a)(1). Otherwise, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id*. "The court considers five factors [under Rule 15] in assessing the propriety of leave to amend—bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." *United States v. Corinthian Colls.*, 655 F.3d 984, 995 (9th Cir. 2011). The nonmovant bears the burden of showing why amendment should not be granted. *Senza-Gel Corp. v. Seiffhart*, 803 F.2d 661, 666 (Fed. Cir. 1986); *see also DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987) ("party opposing amendment bears the burden of showing prejudice"); *United States for use & benefit of Source Helicopters, Div. of Rogers Helicopters, Inc. v. Sayers Constr., LLC*, No. 2:19-v-1602-JCM-EJY, 2020 WL 3643431, at *1 (D. Nev. July 6, 2020) ("The party opposing amendment holds the burden to demonstrate futility."); *Akinola v. Severns*, No. 3:14-CV-00222-HDM, 2015 WL 456535, at *2 (D. Nev. Feb. 2, 2015) ("party opposing the amendment carries the burden of showing why leave to amend should not be granted.").

An amendment is futile only if no set of facts can be proved under the amendment that would constitute a valid claim or defense. *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988). "Denial of leave to amend on [futility grounds] is rare. Ordinarily, courts will defer consideration of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed." *GMAC Mortgage LLC v. Nevada*

*Association Services, Inc.*, No. 2:13-cv-01157-GMN-NJK, 2018 WL 487101, at *2 (D. Nev. Jan. 5, 2018) (internal citations and quotations omitted). "Deferring ruling on the sufficiency of the allegations is preferred in light of the more liberal standards applicable to motions to amend and the fact that the parties' arguments are better developed through a motion to dismiss or a motion for summary judgment." *Id.* (internal citations omitted).

Here, considering the liberal standards for allowing leave to amend and the fact that Glatman and Star Alliance carry the burden of showing why amendment should not be granted, the Court grants Plaintiff's motion to amend. Glatman and Star Alliance's primary arguments against Plaintiff's amendment concern futility. However, denial of leave to amend on futility grounds is rare and it is not clear that no set of facts can be proved under Plaintiff's amendment that would constitute a valid claim. Glatman and Star Alliance's arguments are thus better developed through a motion to dismiss. Additionally, the Court does not find that Plaintiff made his amendment in bad faith because Plaintiff's original complaint already contained allegations of fraud during Glatman's tenure. The Court therefore grants Plaintiff's motion to amend.

## II. Glatman's motion to dismiss, Glatman's motion to stay discovery, the parties' discovery plan, and Plaintiff's motions for leave to file surreplies (ECF Nos. 13, 22, 28, 29, 55).

Because the Court grants Plaintiff's motion to amend, it recommends[1] denying Glatman's motion to dismiss and Plaintiff's motion to file a surreply to the motion to dismiss as moot. (ECF Nos. 13, 22). This is because, as a general rule, an amended complaint supersedes an original. *See Ramirez v. County of San Bernadino*, 806 F.3d 1002, 1008 (9th Cir. 2015). The Court further denies Glatman's motion to stay discovery pending her motion to dismiss Plaintiff's original complaint as moot. (ECF No. 28). And because the Court denies Glatman's motion to stay discovery as moot, it also denies Plaintiff's motion for leave to file a surreply to that motion as moot. (ECF No. 55). The Court also denies the parties' proposed discovery plan as moot

---

[1] The assigned magistrate judge is deciding these motions and therefore, issues this as a recommendation to the assigned district judge under 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4.

because Glatman proposes that the Court stay discovery pending her motion to dismiss in that plan as well. (ECF No. 29). Even if that request were not moot, the Court would deny the plan because a discovery plan is not the proper place to seek a stay of discovery. Doing so turns the discovery plan into a de facto motion to stay discovery. The Court would also deny the plan because neither Plaintiff nor Glatman nor Star Alliance propose concrete, calendar deadlines as required by Local Rule 26-1(b)(1)-(4). The Court declines to set contingent deadlines.

### III.   Warns' motion to withdraw (ECF No. 43).

Warns moves to withdraw as counsel of record for Glatman and Star Alliance. (ECF No. 43). The Court finds that counsel has met the requirements of Local Rule IA 11-6(b). Additionally, no party has opposed the motion, constituting their consent to the Court granting it under Local Rule 7-2(d). Because it is a corporation, Star Alliance must retain counsel to proceed in this action. *See Reading Intern., Inc. v. Malulani Group, Ltd.*, 814 F.3d 1046, 1053 (9th Cir. 2016) (explaining that corporations must be represented by counsel).

### ORDER

**IT IS THEREFORE ORDERED** that Plaintiff's motion to amend (ECF No. 33) is **granted.** Plaintiff must file and serve the amended pleading as required by Local Rule 15-1(b).

**IT IS FURTHER ORDERED** that Glatman's motion to stay discovery (ECF No. 28), the parties' discovery plan (ECF No. 29), and Plaintiff's motion for leave to file a surreply (ECF No. 55) are **denied as moot.**

**IT IS FURTHER ORDERED** that Warns' motion to withdraw (ECF No. 43) is **granted.**

**IT IS FURTHER ORDERED** that Star Alliance must file a status report regarding its retention of counsel on or before **April 10, 2026.**

///

///

///

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to **place** Star Alliance's last known email addresses on the docket and **send** it a copy of this order:[2]

**Star Alliance International Corp.**
c/o Anthony Anish
tony@staralliancemines.com

**RECOMMENDATION**

**IT IS THEREFORE RECOMMENDED** that Glatman's motion to dismiss (ECF No. 13) and Plaintiff's motion to file a surreply to that motion (ECF No. 22) be **denied as moot.**

**NOTICE**

Pursuant to Local Rule IB 3-2 any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days after service of this Notice.  The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time.  *Thomas v. Arn*, 474 U.S. 140, 142 (1985) *reh'g denied*, 474 U.S. 1111 (1986).  The Ninth Circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues could waive the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court.  *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *see Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983); *see Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012).

DATED: March 11, 2026,

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE

---

[2] Themis Glatman appears to now be represented by Timothy Elson, Esq. and so, the Court does not add her contact information to the docket.