# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

* * *

| | |
|---|---|
| Jeffery Coulson, | Case No. 2:25-cv-01864-RFB-DJA |
| Plaintiff, | |
| v. | **Order** |
| Star Alliance International Corp.; Richard Carey; Anthony Anish; Themis Glatman; Fernando Godina; Weverson Correia; Franz Allmayer; Bryan Cappelli; Keystone Capital Partners, LLC; NoHo, Inc.; and AES Capital Management LLC, | |
| Defendants. | |

This is a securities fraud action arising out of pro se Plaintiff Jeffery Coulson's claim that Defendants schemed to artificially inflate Star Alliance International Corp.'s stock price, causing Plaintiff—who had purchased many shares based on Defendants' alleged misrepresentations—to suffer financial loss when the stock later collapsed. Plaintiff alleges thirteen causes of action, two of which arise under the Securities Exchange Act. (ECF No. 64). Plaintiff has also filed numerous motions including a one-sided discovery plan (ECF No. 65); a motion for "immediate commencement of discovery and entry of scheduling order, or in the alternative, motion to lift PSLRA discovery stay" (ECF No. 66); three motions for alternative service (ECF Nos. 69, 103, 104); motion to extend the service deadline (ECF No. 83); motion to file a surreply (ECF No. 108), and motion for protective order (ECF No. 117). Defendant Keystone has moved for leave to file a late response to Plaintiff's motion for immediate commencement of discovery. (ECF No. 110). The Court addresses each of these motions below.

///

///

///

I.    **Plaintiff's discovery plan (ECF No. 65); motion for immediate commencement of discovery (ECF No. 66); and Keystone's motion for leave to file late response (ECF No. 110).**

Plaintiff's amended complaint includes two federal securities claims, along with various state law claims.  (ECF No. 64 at 28) (alleging violations of Section 10(b)[1] of the Securities Exchange Act and Securities and Exchange Commission Rule 10b-5 and alleging liability arising under Section 20(a)[2] of the Securities Exchange Act).  In any private action arising under 15 U.S.C. §§ 78a et seq., the PSLRA mandates that the Court stay discovery during the pendency of any motion to dismiss, unless it is found pursuant to a party's motion that particularized discovery is necessary to preserve evidence or prevent undue prejudice to that party.  15 U.S.C. § 78u-4(b)(3)(B).  In order to fulfill the purposes underlying the PSLRA, the discovery stay also applies to pendent state law claims.  *SG Cowen Securities Corp. v. U.S. Dist.  Court for Northern Dist. of CA*, 189 F.3d 909, 913 n.1 (9th Cir. 1999).  Here, because Plaintiff has alleged claims arising under 15 U.S.C. § 78a et seq., and because there are two pending motions to dismiss, the PSLRA discovery stay is in place.  (ECF Nos. 70, 94).  So, the Court denies Plaintiff's discovery plan as moot.  (ECF No. 65).

The Court further denies Plaintiff's motion to lift the PSLRA discovery stay.  (ECF No. 66).   Under the PSLRA, the automatic stay of discovery can be lifted if "the court finds upon the motion of any party that particularized discovery is necessary to preserve evidence or to prevent undue prejudice to that party."  15 U.S.C. § 78u–4(b)(3)(B).  Plaintiff argues that he urgently requires discovery because Star Alliance's former counsel told him that Star Alliance and certain individual defendants (it is not clear whom) were considering bankruptcy.  While some courts have found that, in certain circumstances, concurrent civil, criminal, and bankruptcy proceedings may justify lifting a PSLRA discovery stay, Plaintiff has not identified a concurrent bankruptcy proceeding.  *See In re Metropolitan Securities Litigation*, No. CV-04-25-FVS, 2005 WL 940898 (E.D. Wash. Mar. 31, 2005) (allowing plaintiffs to conduct certain discovery where the court

---

[1] Codified in 15 U.S.C. § 78j.

[2] Codified in 15 U.S.C. § 78t.

urged the parties to participate in early settlement discussions when bankruptcy proceedings and numerous other civil and criminal actions were moving forward against the same defendants).  It is not even entirely clear which parties are contemplating bankruptcy.  This does not justify a lift of the PSLRA discovery stay.

Plaintiff also asserts that he requires discovery because Star Alliance "fraudulently" transferred nearly all of its assets to NoHo in July of 2025 and because Anish (formerly Star Alliance's CFO) became NoHo's CEO.  But Plaintiff's claim that Star Alliance's asset transfer was "fraudulent" is conclusory and unsupported by any evidence beyond Plaintiff's claim in his motion.  Plaintiff also points to a case in the Wyoming Chancery Court, *Keystone Capital Partners, LLC v. Life Clips, Inc.*, Case No. CH-2025-0000006.  He claims that the *Life Clips* case is an example of Keystone "providing death spiral financing to OTC companies and then pursuing receivership over the resulting shells," and that Keystone's COO's testimony in the *Life Clips* case proves Keystone's "systematic asset extraction."  (ECF No. 66 at 10).  But while the Court can take judicial notice of undisputed matters of public record, including publicly available court records, it may not do so for the facts recited therein.  *See Lee v. City of Los Angeles*, 250 F.3d 668, 690 (9th Cir. 2001).  So, it cannot find the *Life Clips* case and testimony therein to constitute the evidence Plaintiff claims or to justify lifting the discovery stay.

Plaintiff also asserts that Anish's evasion of service justifies lifting the stay.  But Plaintiff does not explain why.  And as outlined more fully below, it is not clear that Anish is actively evading service and does not appear that Plaintiff has exhausted his avenues for service on Anish. Finally, Plaintiff asserts that Star Alliance is "in the advanced stages of corporate abandonment," and so, its records are at "immediate risk of permanent loss."  But the PSLRA obligates parties to an action subject to a stay preserve evidence and provides sanctions available to remedy violations of that requirement.  *See* 15 U.S.C. § 78u-4(b)(3)(C).  And Plaintiff does not explain why this provision of the PSLRA is not sufficient to address his concerns or otherwise explain his conclusory statement that Star Alliance's internal documents are "at immediate risk of permanent loss."  Because Plaintiff has not shown that discovery is necessary to preserve evidence or prevent undue prejudice, the Court denies his motion for immediate commencement of discovery.

(ECF No. 66).   Because the Court denies Plaintiff's motion for immediate commencement of discovery on these grounds, the Court denies Keystone's motion to file a late response to that motion as moot.  (ECF No. 110).

**II.       Plaintiff's motions for alternative service (ECF Nos. 69, 103, 104) and motion to extend the service deadline (ECF No. 83).**

Plaintiff moves to serve Defendants Anthony Anish, Richard Carey, and Franz Allmayer via alternative methods of service.  (ECF Nos. 69, 103, 104).  Plaintiff also moves to extend the service deadline to serve Anish and Carey.  (ECF No. 83).  The Court denies Plaintiff's motions for alternative service but grants his motion for an extension of the service deadline.

The Constitution does not require any particular means of service of process.  *Rio Props., Inc. v. Rio Intern. Interlink*, 284 F.3d 1007, 1017 (9th Cir. 2002) (*citing Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)).  It requires only that service "be reasonably calculated to provide notice and an opportunity to respond." *Id.*  Service of process is governed by Rule 4 of the Federal Rules of Civil Procedure.  A federal court lacks jurisdiction over a defendant unless the defendant has been properly served under Rule 4.  *Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 688 (9th Cir. 1988) (citation omitted).  Rule 4, however, "is a flexible rule that should be liberally construed so long as a party receives sufficient notice of the complaint." *Id.*  "[W]ithout substantial compliance with Rule 4," "neither actual notice nor simply naming the defendant in the complaint will provide personal jurisdiction." *Id.*  Federal Rule of Civil Procedure 4(e)(1) provides that an individual within a judicial district of the United States may be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made."

In his motion to serve Anish via alternative methods, Plaintiff references an affidavit of due diligence showing that Plaintiff's hired process server found one possible address for Anish during a skip trace, but on the fourth attempt at service, the resident of that address confirmed that Anish had moved out on January 8, 2026.  (ECF No. 69-1 at 1).  That affidavit also shows that the process server found multiple records for Anish on the Nevada Secretary of State website.  (*Id.* at

1). The Nevada Secretary of State records list nine separate addresses for Anish.[3] Given the multiple different addresses, it is not entirely clear which state Anish resides in and therefore, which law applies to serving the summons and complaint. Additionally, Plaintiff does not explain whether he attempted service at these other address or if not, why not. Plaintiff also does not explain whether he has tried to reach Anish via email or through his LinkedIn and, if so, what the results of those communication attempts were. Plaintiff proposes serving Anish via his email—tony@staralliancemines.com—and "by any additional electronic means reasonably calculated to provide notice, including any known email addresses or professional online profiles identified during the investigation." (ECF No. 69 at 2). Plaintiff does not identify what those additional emails or online profiles may be. Without more, the Court cannot find that Plaintiff's proposed methods of service comport with due process. The Court therefore denies Plaintiff's motion for alternative service on Anish without prejudice.

In his motion for alternative service on Carey, Plaintiff references an affidavit of due diligence by his hired process server providing that Carey is "associated with Star Alliance International Corp, at 5743 Corsa Avenue, Suite 218 Westlake Village, CA 91362…" (ECF No. 103 at 11). But the affidavit states that "[c]lient previously attempted service for Richard Carey at the address he listed on the Nevada Secretary of State 5743 Corsa Avenue, Suite 218 Westlake Village, CA 91362 however, he was no longer located at the address." (Id.). Neither the affidavit nor Plaintiff provides any additional explanation. The process servicer also found "multiple records" when searching for Carey's current address and/or phone number, but "more information [was] needed to narrow [the] search." (Id. 11). The process server provided the same "multiple records found," and "more information needed to narrow search" report for records on the Clark

---

[3] (ECF No. 69-1 at 7) (3158 Redhill Avenue #240, Costa Mesa, CA 92626); (Id. at 10) (17702 Mitchell North, Suite 201, Irvine, CA 92614); (Id. at 13) (2183 Fairview Road, #217, Costa Mesa, CA, 92627); (Id. at 16) (PO Box 16OX, and PO Box 1678, Costa Mesa, CA 92628); (Id. at 22) (2320 E Orangethorpe Ave, Anaheim, CA 92806); (Id. at 25) (2672 Dow Avenue, Tustin, CA 92780); (Id. at 28) (1000 N. Green Valley PJKW [sic] Suite #440-416, Henderson, NV 89074); (Id. at 31) (7465 West Lake Mead Blvd., #100, Las Vegas, NV 89128); (Id. at 34) (5743 Corsa Avenue, Westlake Village, CA, 91362).

County Tax Assessor, the Nevada Secretary of State, Clark County Business License, Las Vegas Business License, and Clark County Fictitious Names websites. (*Id*). The process server's search of prison records, court records, marriage records, and online and social media searches turned up the same multiple records. (*Id.*). However, Plaintiff does not explain whether, and if not, why he could not provide additional information that would aid the process server in narrowing down the various records.

Plaintiff proposes serving Carey at the same, tony@staralliancemines.com email address as he proposes for Anish, reasoning that Carey, as President Chairman and Principal Executive Officer of Star Alliance must have at some point registered for CM/ECF notifications at that email address and likely monitors it. (*Id.* at 5). Plaintiff proposes a secondary form of service via certified mail with return receipt requested to Carey's last known address of 5743 Corsa Avenue Suite 218 Westlake Village, CA 91362. (*Id.* at 7). Plaintiff also proposes service by publication "in newspapers of general circulation in Clark County Nevada and Los Angeles County California." (*Id.* at 10). However, it is not clear from Plaintiff's process server's affidavit that Carey lives in Nevada or California. And the reason that the tony@staralliancemines.com address was added to the docket was because Star Alliance's withdrawing counsel provided it as its client's last known contact information, which email address counsel associated with Anish, not Carey. (ECF Nos. 43, 63). Moreover, the affidavit Plaintiff references indicates that Carey is no longer associated with the Corsa Avenue address. Without more, the Court cannot find that Plaintiff's proposed methods of service comport with due process. The Court therefore denies Plaintiff's motion for alternative service on Carey without prejudice.

In his motion for alternative service on Allmayer, Plaintiff references an affidavit of due diligence by his hired process server which indicates that, according to Allmayer's LinkedIn profile, Allmayer lives in Liechtenstein. (ECF No. 104 at 14). Nonetheless, it appears that the process server confined their search of records to Nevada and Clark County records and confined their search for Allmayer's address to the United States. (*Id.*). Those record searches revealed only one record on the Nevada Secretary of State website associated with Star Alliance's Corsa Avenue address. (*Id.*). Otherwise, the process server's search of local records revealed no

records.  (*Id.*).  Plaintiff asserts that he has identified three "confirmed" email addresses for Allmayer and has sent the summons and complaint to each on May 16, 2026, with a request that Allmayer waive service, but Allmayer did not respond.  (*Id.* at 1).  However, Plaintiff filed his motion for alternative service only two days after emailing Allmayer the summons, complaint, and request for waiver.  (*Id.*).  Plaintiff asks that the Court authorize service by email, LinkedIn direct message, Facebook direct message, Instagram direct message, and "international postal service," "combined with simultaneous initiation of Hague Convention service through Liechtenstein's Central Authority."  (*Id.* at 1, 1).  Plaintiff does not assert that he attempted to contact Allmayer through his social media platforms.  And other than Plaintiff's reference to Allmayer's LinkedIn profile, Plaintiff does not provide any other basis to believe that Allmayer lives in Liechtenstein or where in Liechtenstein he lives.  Without more, the Court cannot find that Plaintiff's proposed methods of service comport with due process.  The Court therefore denies Plaintiff's motion for alternative service on Allmayer without prejudice.

Plaintiff also moves for an extension of the service deadline.  (ECF No. 83).  Plaintiff asks that the Court abide by the service deadline associated with his amended complaint, which was filed on March 11, 2026, making the service deadline June 9, 2026.  (*Id.*).  The Court notes that the service deadline of June 9, 2026, is operative and has not passed.  But given the Court's ruling on Plaintiff's motions for alternative service, the Court finds good cause to grant Plaintiff's motion and *sua sponte* extend the service deadline by ninety days from this order to give Plaintiff time to attempt service on unserved Defendants.

### III.    Plaintiff's motion to file surreply (ECF No. 108).

Plaintiff moves to file a surreply to Keystone's reply in support of its motion to dismiss. (ECF No. 108).  Plaintiff argues that a surreply is necessary because Keystone attached new evidence to its reply, cited legal authority that it did not cite in its motion, and raised a new argument in a footnote.  Much of Plaintiff's motion is dedicated to arguing the merits of his case. Otherwise, Plaintiff argues that a surreply is necessary because he requires the opportunity to address the new evidence, authority, and argument.  However, as Plaintiff also acknowledges, courts may decline to consider arguments raised for the first time in reply.  *See Zamani v. Carnes*,

491 F.3d 990, 997 (9th Cir. 2007) (explaining that the court "need not consider arguments raised for the first time in a reply brief"). So, without more, the Court does not find Plaintiff's surreply to be necessary. And to the extent that the Court finds that more briefing is necessary when considering Keystone's motion to dismiss, the Court can order additional briefing at that time. The Court therefore denies Plaintiff's motion to file a surreply. *See* LR 7-2(b)

### IV.    Plaintiff's motion for protective order (ECF No. 117).

Plaintiff moves for a protective order, asserting that he "experienced a series of unusual incidents involving unexplained objects placed at [his] residence, unauthorized entry into [his] vehicle, repeated appearances by the same sport utility vehicle near [his] residence, and repeated visits by unknown individuals to [his] property." (ECF No. 117). Plaintiff asks the Court to order the parties to this action to refrain from contacting him outside the litigation, to require unidentified parties to preserve evidence, to order expedited discovery into the unusual occurrences, and to hold an evidentiary hearing. Plaintiff has not articulated a basis for a protective order under Federal Rule of Civil Procedure 26(c). But even if the Court liberally construed his motion as one for a preliminary injunction or for a temporary restraining order, the Court cannot provide Plaintiff the broad and unspecified protection he seeks against parties he cannot identify. So, the Court denies his motion.

///

///

///

**IT IS THEREFORE ORDERED** that Plaintiff's discovery plan (ECF No. 65) is **denied.**

**IT IS FURTHER ORDERED** that Plaintiff's motion for immediate commencement of discovery (ECF No. 66) is **denied.**

**IT IS FURTHER ORDERED** that Plaintiff's motions for alternative service (ECF Nos. 69, 103, 104) are **denied without prejudice.**

**IT IS FURTHER ORDERED** that Plaintiff's motion to extend service (ECF No. 83) is **granted.** Plaintiff shall have until **August 31, 2026** to accomplish service.

**IT IS FURTHER ORDERED** that Plaintiff's motion to file a surreply (ECF No. 108) is **denied.**

**IT IS FURTHER ORDERED** that Keystone's  motion for leave to file an opposition (ECF No. 110) is **denied.**

**IT IS FURTHER ORDERED** that Plaintiff's motion for protective order (ECF No. 117) is **denied.**

DATED: June 3, 2026,

_____

DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE