**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

| | |
|---|---|
| Jeffery Coulson,<br><br>Plaintiff,<br><br>v.<br><br>Star Alliance International Corp.; Richard Carey; Anthony Anish; Themis Glatman; Fernando Godina; Weverson Correia; Franz Allmayer; Bryan Cappelli; Keystone Capital Partners, LLC; NoHo, Inc.; and AES Capital Management LLC,<br><br>Defendants. | Case No. 2:25-cv-01864-RFB-DJA<br><br>**Order** |

This is a securities fraud action arising out of pro se Plaintiff Jeffery Coulson's claim that Defendants schemed to artificially inflate Star Alliance International Corp.'s stock price, causing Plaintiff—who had purchased many shares based on Defendants' alleged misrepresentations—to suffer financial loss when the stock later collapsed. Defendant AES Capital Management, LLC moves to stay discovery. (ECF No. 132). Defendant Weverson Correia moves to amend his answer, which answer he originally filed pro se. (ECF No. 152). And Plaintiff moves to extend the service deadline and for alternative service on Defendants Anthony Anish, Richard Carey, and Franz-Josef Allmayer. (ECF No. 153).

## I. AES's motion to stay discovery.

The Court denies AES's motion to stay discovery as moot. (ECF No. 132). Discovery in this matter is already stayed. (ECF No. 119 at 2) (explaining that "because Plaintiff has alleged claims arising under 15 U.S.C. § 78a et seq., and because there are two pending motions to dismiss, the [Private Securities Litigation Reform Act] discovery stay is in place."). Plaintiff even acknowledges that "discovery is not presently proceeding" in his response. (ECF No. 133). And while AES states that it filed its motion out of caution given the fact that Plaintiff "requests

jurisdictional discovery in his Response to [AES'] Motion to Dismiss," the Court does not find that reason to justify an additional stay or reaffirmation of the current stay when one is already in place.

**II. Correia's motion to amend.**

The Court grants Correia's motion to amend. (ECF No. 152). No party has responded to the motion, constituting consent to the Court granting it. *See* LR 7-1(d). The Court further finds that amendment is appropriate under Federal Rule of Civil Procedure 15(a)(2) because, as Correia explains, he filed his original answer pro se and has now retained counsel and wishes to file a counseled answer.

**III. Plaintiff's motion to extend the deadline for service and for alternative service.**

The Court grants in part and denies in part Plaintiff's motion to extend the deadline for service and for alternative service. (ECF No. 153). The Court denies Plaintiff's motion as moot as to his request for alternative service on Anish because Plaintiff has filed a proof of service on Anish. The Court will grant Plaintiff's motion for an extension of time for service as to Anish and deem Plaintiff's service timely. The Court denies Plaintiff's motion as to Allmayer and grants it as to Carey. The Court further grants Plaintiff's motion to extend the deadline for service as to Allmayer and Carey.

***A. Background.***

The service deadline closed on August 31, 2026. (ECF No. 119). Plaintiff filed summons returned executed as to Anish on September 4, 2026, which documents indicate that Anish was served on September 2, 2026. Anish has since filed answers. (ECF Nos. 155, 157).

Plaintiff proposes serving Carey by emailing him at rcarey1940@gmail.com and by mail at 23537 Windom St., West Hills, California 91304. Plaintiff states that Carey provided this email address to the Court when filing a document on behalf of Star Alliance International Corp. Plaintiff is apparently referring to the June 15, 2026, filing that Carey made. (ECF No. 123). In that filing, Carey filed a motion to extend time pro se on behalf of Star Alliance, listing an address at 2300 West Sahara Avenue, #800, Las Vegas, NV 89102 and listing his email as rcarey1940@gmail.com. (ECF No. 123 at 2). Plaintiff also states that he identified two

addresses associated with Carey. After the building manager of the first address informed Plaintiff that Carey no longer lived there, Plaintiff investigated the Windom address. Plaintiff learned conflicting information during that investigation, including one individual who stated that Carey did not live at the Windom address and another who claimed that Carey lived there with a roommate. When Plaintiff caused someone to go to the residence, nobody answered the door, but a neighbor confirmed that Carey lived there.

Plaintiff proposes serving Allmayer by emailing him at franzallmayer@gmail.com. Plaintiff asserts that he previously communicated with Allmayer at this address and submitted a waiver request to him. Plaintiff states that he has learned that Allmayer lives in Liechtenstein because Plaintiff contacted a Liechtenstein company and an employee confirmed that Allmayer works there. Plaintiff asserts that he has investigated the procedure for accomplishing "conventional foreign service" but learned that it would take six to twelve months and cost $2,000 to $3,500. Plaintiff states that he does not seek alternative service simply because foreign service is inconvenient or expensive, but because Allmayer has already received documents through email.

***B. Discussion.***

The Constitution does not require any particular means of service of process. *Rio Props., Inc. v. Rio Intern. Interlink*, 284 F.3d 1007, 1017 (9th Cir. 2002) (*citing Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)). It requires only that service "be reasonably calculated to provide notice and an opportunity to respond." *Id.* Service of process is governed by Rule 4 of the Federal Rules of Civil Procedure. A federal court lacks jurisdiction over a defendant unless the defendant has been properly served under Rule 4. *Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 688 (9th Cir. 1988) (citation omitted). Rule 4, however, "is a flexible rule that should be liberally construed so long as a party receives sufficient notice of the complaint." *Id.* "[W]ithout substantial compliance with Rule 4," "neither actual notice nor simply naming the defendant in the complaint will provide personal jurisdiction." *Id.*

Federal Rule of Civil Procedure 4(e)(1) provides that an individual within a judicial district of the United States may be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Federal Rule of Civil Procedure 4(f)(2) provides various methods for serving an individual not in any judicial district of the United States. These include by international agreement. *See* Fed. R. Civ. P. 4(f)(1). For countries that do not have an internationally agreed means, service may be accomplished by a method that is reasonably calculated to give notice as prescribed by the foreign country's laws for service in that country in an action in its courts of general jurisdiction; as the foreign authority directs in response to a letter rogatory or letter of request; or by delivering a copy personally or using any form of mail that requires a signed receipt, unless prohibited by the foreign country's law. *See* Fed. R. Civ. P. 4(f)(2).

The Court denies Plaintiff's motion as moot regarding his request to serve Anish by alternative means. But the Court grants his motion regarding his request to extend the deadline to serve Anish. The Court will deem Plaintiff's September 2, 2026, service on Anish to be timely.

Liberally construing Plaintiff's motion, the Court finds that Plaintiff has shown that his proposed alternative service on Carey would be reasonably calculated to provide notice and an opportunity to respond. *See* Fed. R. Civ. P. 4(e)(1); *see* Nev. Rev. Stat. 4.4(b). However, in addition to the methods proposed by Plaintiff, the Court will also require Plaintiff to attempt to serve Carey by sending the complaint, summonses, and copies of this order to the address included on Carey's filing. *See* Nev. Rev. Stat. 4.4(d)(1). The Court also grants Plaintiff's request to extend the deadline to serve Carey. *See* Fed. R. Civ. P. 4(m).

The Court does not find that Plaintiff has shown that his proposed email service on Allmayer would be proper under Federal Rule of Civil Procedure 4. This is because Plaintiff has not fully briefed the issue of whether his proposed method of service—email—is appropriate under Federal Rule of Civil Procedure 4(f) for serving an individual in a foreign country. The Court therefore denies Plaintiff's motion for alternative service without prejudice in part as it

relates to service on Allmayer. However, the Court grants Plaintiff's request to extend the deadline to serve Allmayer. *See* Fed. R. Civ. P. 4(m).

**IT IS THEREFORE ORDERED** that AES's motion to stay discovery (ECF No. 132) is **denied as moot.**

**IT IS FURTHER ORDERED** that Correia's motion to amend (ECF No. 152) is **granted.** Correia must file and serve the amended pleading as required by LR 15-1(b).

**IT IS FURTHER ORDERED** that Plaintiff's motion for alternative service (ECF No. 153) is **granted in part and denied in part.** It is denied in part as moot regarding Plaintiff's request to serve Anish by alternative means and it is denied in part without prejudice regarding Plaintiff's request to serve Allmayer by alternative means. It is granted in part regarding Plaintiff's request to serve Carey by alternative means and for an extension of time for service as to Anish, Carey, and Allmayer. The Court will deem Plaintiff's September 2, 2026, service on Anish to be timely and will extend the deadline for Plaintiff to serve Carey and Allmayer to **February 22, 2027.**

**IT IS FURTHER ORDERED** that Plaintiff must serve Carey by: (1) emailing a copy of the summons, complaint, and a copy of this order at rcarey1940@gmail.com; (2) sending a copy of the summons, complaint, and a copy of this order by certified mail to 23537 Windom St., West Hills, California 91304; and (3) sending a copy of the summons, complaint, and a copy of this order by certified mail to 2300 West Sahara Avenue, #800, Las Vegas, NV 89102.

DATED: November 24, 2026,

DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE